993 F.2d 1538
 2 A.D. Cases 1008, 4 NDLR P 231
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willis H. PYLES, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 91-2616.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
Decided: June 8, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-89-1410-HAR)
 Argued: Kerrin McCormick, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 Joan Carol Goodrich, Senior Attorney, Office of Labor Law, United States Postal Service, Washington, D.C., for Appellee.
 On Brief: Steven H. Goldblatt, Director, John J. Hoeffner, Supervising Attorney, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 Richard D. Bennett, United States Attorney, Larry Adams, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, Willis H. Pyles, has appealed the decision of the United States District Court for the District of Maryland granting summary judgment in favor of the appellee, the Postmaster General. In December 1988, Pyles returned to work at the United States Postal Service as a city letter carrier pursuant to a voluntary settlement agreement. Only days after his return, Pyles reinjured his back and submitted to the Postal Service medical reports restricting his activities. On January 5, 1989, Pyles received official notice that he would be terminated effective January 10, 1989. Pyles filed suit in federal court in May 1989, alleging that the Postal Service unlawfully discriminated against him because of his known mental and physical handicaps in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Pyles claimed that the Postal Service discriminated against him when it reinstated him to the position of letter carrier instead of as a manual distribution clerk, a position which he had previously held. He also charged that the Postal Service breached the settlement agreement that had been created to resolve a prior administrative complaint concerning his 1987 request for reinstatement. In addition, Pyles contended that the Postal Service discriminated against him when it terminated him shortly after his reinstatement without consideration of any reasonable accommodations.
 
 
 2
 The district court denied Pyles' motion for summary judgment on the issue of liability. It granted the Postal Service's motion for summary judgment on Pyles' reinstatement claim because it concluded that the claim was resolved when Pyles was reinstated to the position of letter carrier according to the terms of the voluntary settlement agreement. It further found that the Postal Service had fully complied with its obligations under the settlement agreement and that the Postal Service owed Pyles no "reasonable accommodation" of his handicaps in the act of reinstatement. It also granted the Postal Service's motion for summary judgment on the discriminatory termination claim because Pyles had failed to exhaust his administrative remedies.
 
 
 3
 On appeal, Pyles has argued that summary judgment on his discriminatory termination claim was inappropriate for two reasons. First, he has contended, the district court should have relaxed the requirement of exhaustion of administrative remedies with respect to the termination claim because his failure to exhaust his administrative remedies while he pursued his claims pro se was caused by the confusing and misleading conduct of the Equal Employment Opportunity Commission ("EEOC") and the Postal Service. He further has contended that because his termination claim was "reasonably related" to his administratively exhausted claim concerning the breach in the reinstatement settlement agreement, there was no need for the district court to require independent exhaustion. Finally, Pyles has argued that summary judgment against him on his reinstatement claim additionally was inappropriate because there remained a genuine dispute as to whether the Postal Service in fact breached the terms of the settlement agreement.
 
 
 4
 We review a grant of summary judgment de novo. See, e.g., Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Our review of the file has satisfied us that there were no adequate allegations by Pyles of the settlement agreement's violation by the Postal Service. The agreement provided for his return to work as a city carrier, and he returned.[1] Almost immediately, his inability to do the job as a result of his back problems became apparent, justifying his termination. The only justification for not so terminating him has been an assertion that he was handicapped and entitled to accommodation. See School Bd. of Nassau County v. Arline, 480 U.S. 273, 288 n.17 (1987).
 
 
 5
 As to that distinct claim of discriminatory termination, however, Pyles has not played according to the rules by first exhausting his administrative remedies. See, e.g., Woodard v. Lehman, 717 F.2d 909 (4th Cir. 1983); see also 29 U.S.C. § 794(a) (claims of handicap discrimination are subject to same procedural requirements as Title VII claims). Pyles has attempted to meet the exhaustion requirement by relying on his reinstatement claim which has been administratively exhausted but has failed on the merits. The relationship between the reinstatement claim and the discriminatory termination claim was not so close and intertwined that one, for which good health was a basic requirement, could serve as a substitute for the other, for which poor health requiring some accommodation was a key element.[2]
 
 
 6
 The grant of summary judgment in favor of the Postal Service is accordingly
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The settlement agreement required that Pyles would be "mentally and physically capable of performing the essential functions of a city carrier position." A medical evaluation performed before Pyles' reinstatement revealed no physical limitations or restrictions
 
 
 [2]
 Our review of the record, including communications between Pyles, the Postal Service, and the EEOC, satisfies us that Pyles' arguments urging a relaxation of the exhaustion requirements due to the various errors committed by the EEOC and Postal Service are without merit